IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LAWAN J. ENGLISH, ) | 8:16CV426 |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM |
| v. ) | AND ORDER |
| ) | |
| METHODIST HEALTH CARE ) | |
| SYSTEM; DARREN KEISER, MD; ) | |
| SEAN BIGLER, PA; and ) | |
| PHYSICIANS CLINIC, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, Lawan English, filed this case on September 9, 2016. She has been granted leave to proceed in forma pauperis. The court now conducts an initial review of English's complaint to determine whether summary dismissal is appropriate under [28 U.S.C. § 1915(e)(2)](#).

## I. SUMMARY OF COMPLAINT

English claims Defendants, Methodist Health Care System, Darren Keiser, MD, Sean Bigler, PA, and Physicians Clinic,[1] "conspired to commit health care fraud" against her and "committed medical malpractice." (Complaint [Filing 1], pp. 5-6) English allegedly "suffers from reflex sympathetic distrophy and severe depression as a result of an intentional work related injury resulting from discrimination while employed by Time Warner Cable/now Charter Communication." (*Id.*, p. 6) English further alleges she "at present has a partially dislocated RT Shoulder & permanent damage to RT shoulder as a result of the injury, as a result of multiple health care

---

[1] Defendants are also named as parties, along with several others, in Case No. 8:16CV427, a related action that was filed by English on the same date as the instant action.

systems including the Defendants' lack of proper care or abuse of power. Leaving [her] $1600.00 to roughly $25.00 once [she] questioned the coding and MSDRG issues on claims." (*Id.*) She alleges Defendants "submitted false claims to BCBS for date of service March 25, 2016; altering the diagnosis of injury to RT Shoulder & Right Upper Quadrant due to a work related injury on May 7, 2015 while working for Time Warner Cable ...." (*Id.*)[2] English claims "Defendants misused codes to defraud [her] out of Workers Comp settlement" and with "a host of others conspired to defraud [her] causing severe medical issues that are going going [*sic*] unreported or have been misrepresented." (*Id.*, pp. 6-7) English has attached 74 pages of supporting documents, with handwritten comments, to the complaint. (*Id.*, pp. 11-84).

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The court also has an independent obligation to consider its subject matter jurisdiction where there is a reason to suspect that such jurisdiction is lacking. *See Hart v. United*

---

[2] English states she "is and/or was a party in a civil suit 8:2015CV00458 and Workers Compensation Court Case Doc 215 Page 1042)." (Complaint, p. 5) In Case No. 8:15CV458, which was filed in this court on December 17, 2015, English claimed in a pro se complaint that she was discriminated against on the basis of race, sex, and age, and suffered a work-related injury at Time Warner Cable. On initial review, the court determined English had not alleged sufficient facts to state a claim upon which relief could be granted under Title VII or the ADEA, but on its own motion granted her 30 days in which to file an amended complaint to state an actionable claim and to show that the claim(s) had been administratively exhausted. When no amended complaint was filed, the action was dismissed without prejudice, on May 12, 2016.

*States*, 630 F.3d 1085, 1089 (8th Cir. 2011); *Bacon v. Neer*, 631 F.3d 875, 877 (8th Cir. 2011).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Subject-matter jurisdiction is proper where a plaintiff asserts "[a] non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir.1986). The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts, rather, the federal court's jurisdiction must affirmatively appear clearly and distinctly. *Bilal v. Kaplan,* 904 F.2d 14, 15 (8th Cir.1990).

Subject-matter jurisdiction may also exist under 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction, if "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc., * 263 F.3d 816, 819 (8th Cir.2001) (citation omitted). In addition, the amount in

controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a).

### III. DISCUSSION

English claims federal question jurisdiction exists because her claim arises under 18 U.S.C. § 371 and 31 U.S.C. § 3729. Neither of these statutes provide English with a right of action, nor are they even applicable to the claims alleged. The first statute makes it a crime to "conspire either to commit any offense against the United States, or to defraud the United States ...." 18 U.S.C. § 371. The second statute, part of the False Claims Act, imposes civil penalties and treble damages for submitting a false claim to the United States Government. There is no legitimate basis for claiming federal question jurisdiction.

English alleges that she is a Nebraska citizen (Complaint, p. 4), that Defendants Keiser and Bigler are Nebraska citizens (*id.*, pp. 3, 4), and that Defendants Methodist and Physicians Clinic are both Nebraska corporations (*id.*, pp. 8, 9). There is no diversity of citizenship. In addition, although English is seeking to recover $50 million in damages from each Defendant, the allegations of the complaint do not show that the amount in controversy exceeds $75,000.00.

Even if the court could exercise subject-matter jurisdiction, the allegations of the complaint are not sufficient to state a claim against any Defendant, either for fraud or for medical malpractice. The complaint is conclusory and incomprehensible, and the attachments fail to shed any light on the factual or legal basis for English's claims against these Defendants.

On the court's own motion, English shall have 30 days in which to amend her complaint in order to clearly set forth the basis for this court's jurisdiction and to set forth sufficient facts to state a claim upon which relief can be granted against each Defendant. If English fails to do so, this matter will be dismissed without further

notice. The court reserves the right to conduct further review of the amended complaint should Plaintiff choose to file one.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have 30 days to amend her complaint to clearly set forth the basis for this court's jurisdiction and to set forth sufficient facts to state a claim upon which relief can be granted against each Defendant. If Plaintiff fails to file an amended complaint, this matter will be dismissed without further notice. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after Plaintiff addresses the matters set forth in this Memorandum and Order.

2. In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current complaint (Filing No. 1) and any new allegations, but shall not be required to refile the attachments to the current complaint. Failure to consolidate all claims into one document may result in abandonment of claims.

3. The clerk's office is directed to set a pro se case management deadline using the following text: Check for amended complaint on November 3, 2016, and dismiss if none filed.

DATED this 3rd day of October, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge